IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| NATHANIEL NEWELL, | : |
| Plaintiff | : |
| v. | : CIVIL NO. 1:CV-01-0161 |
| J.M. SELILER, P.M.S., | : |
| Defendant | : |

**MEMORANDUM and ORDER**

FILED
HARRISBURG, PA
FEB 23 2001
MARY E. D'ANDREA, CLERK
Per _____ Deputy Clerk

I.  Introduction

Plaintiff, Nathaniel Newell, an inmate currently confined at the Albion State Correctional Institution ("SCI-Albion"), Albion, Pennsylvania, filed this civil rights action under 42 U.S.C. § 1983. He proceeds pro se and in forma pauperis. The events giving rise to this action occurred at the Camp Hill State Correctional Institution ("SCI-Camp Hill"), where Newell was previously confined. The case is presently before the court for preliminary review pursuant to the screening provisions of 28 U.S.C. § 1915(e)(2)(B). For the reasons set forth below, Newell's complaint will be dismissed, without prejudice, as legally frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

II. Background

Named as the sole defendant is J.M. Seller, P.M.S., a dentist at SCI-Camp Hill. In the complaint, Newell asserts a single claim, namely, that on October 25, 2000, he went to the dentist to have his "left back tooth" pulled and Seller left a piece of the tooth in his mouth. (Doc. 1, Compl., ¶ IV.) He contends that he is in pain and stressing about the

matter. Further, according to Newell, on December 28, 2000, another piece of that tooth broke off and he is suffering pain and "stressing worring [sic] about me getting infections in my gum's who noss [sic] in two year's later I can be Infected." (Id.) The complaint indicates that Newell has been receiving treatment from the dental staff at SCI-Albion for his problem, which has included the taking of x-rays on two separate occasions. As relief, he seeks compensatory damages in the amount of $100,000.00.

III. Discussion

Section 1915(e)(2) of Title 28 of the United States Code provides:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that - (A) the allegation of poverty is untrue; or (B) the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

When considering a complaint accompanied by a motion to proceed in forma pauperis, a district court may rule that process should not be issued if the complaint is malicious, presents an unquestionably meritless legal theory, or is predicated on clearly baseless factual averments. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989); Wilson v. Rackmill, 878 F.2d 772, 774 (3d Cir. 1989). Unquestionably meritless legal theories are those "in which either it is readily apparent that the plaintiff's complaint lacks an arguable basis in law or that the defendants are clearly entitled to immunity from suit." Roman v. Jeffes, 904 F.2d 192, 194 (3d Cir. 1990) (quoting Sultenfuss v. Snow, 894 F.2d 1277, 1278 (11th Cir. 1990)). The frivolousness determination is a discretionary one, and trial courts are in the

2

best position to determine when an indigent litigant's complaint is appropriate for summary dismissal. Denton v. Hernandez, 504 U.S. 25, 33 (1992).

Pursuant to the Supreme Court's decision in Estelle v. Gamble, 429 U.S. 97 (1976), an inmate plaintiff must demonstrate that prison officials have breached the standard of medical treatment to which he was entitled. The government has an "obligation to provide medical care for those whom it is punishing by incarceration." Id. at 103. However, a constitutional violation does not arise unless there is "deliberate indifference to serious medical needs of prisoners" which constitutes "unnecessary and wanton infliction of pain." Id. at 104 (citation omitted). In the context of medical care, the relevant inquiry is whether the defendant was: (1) deliberately indifferent (the subjective element) to (2) plaintiff's serious medical needs (the objective element). Monmouth County Correctional Instit. Inmates v. Lanzaro, 834 F.2d 326, 346 (3d Cir. 1987); West v. Keve, 571 F.2d 158, 161 (3d Cir. 1979).

Because only flagrantly egregious acts or omissions can violate this standard, mere medical malpractice cannot result in an Eighth Amendment violation, nor can disagreements over a prison physician's medical judgment. White v. Napoleon, 897 F.2d 103, 108-10 (3d Cir. 1990). Furthermore, a complaint that a physician or a medical department "has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment [as] medical malpractice does not become a constitutional violation merely because the victim is a prisoner." Estelle, 429 U.S. at 106. Additionally, it has been noted that prison authorities have considerable latitude in the diagnosis and treatment of prisoners. Inmates of

Allegheny County Jail v. Pierce, 612 F.2d 754, 762 (3d Cir. 1979).

In the instant action, Plaintiff alleges that when pulling his tooth the Defendant left part of the tooth in his mouth. Assuming without deciding, that Plaintiff's injury was a serious medical need in the constitutional sense, the Court is of the view that the allegations in the complaint assert, at best, a claim for negligence in the form of medical malpractice. As previously noted, Plaintiff's status as a prisoner does not elevate a medical malpractice claim to the level of a constitutional violation. Estelle, 486 U.S. at 106; see also Unterberg v. Correctional Medical Systems, Inc., 799 F. Supp. 490, 495 (E.D. Pa. 1992) (stating "mere medical malpractice" does not state an Eighth Amendment violation). As simple negligence cannot serve as a predicate to liability under § 1983, see Hudson v. Palmer, 468 U.S. 517 (1984), Newell's civil rights complaint fails to state a viable § 1983 civil rights claim. See White, 897 F.2d at 108. Consequently, the complaint will be dismissed, without prejudice, as legally frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

Accordingly, **IT IS HEREBY ORDERED THAT:**

1. The complaint is dismissed, without prejudice, as legally frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

2. The Clerk of Court is directed to close this case.

3. Any appeal from this order will be deemed frivolous, without probable cause and not taken in good faith.

SYLVIA H. RAMBO
United States District Judge

Dated: February 23, 2001.

4

UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

* * MAILING CERTIFICATE OF CLERK * *

February 23, 2001

Re: 1:01-cv-00161   Newell v. Seliler

True and correct copies of the attached were mailed by the clerk to the following:

Nathaniel Newell
SCI-Albion
EG-7632
10745 Rt. 18
Albion, PA  16475-0002

cc:
Judge                         (X )           (X ) Pro Se Law Clerk
Magistrate Judge              ( )            ( ) INS
U.S. Marshal                  ( )            ( ) Jury Clerk
Probation                     ( )
U.S. Attorney                 ( )
Atty. for Deft.               ( )
Defendant                     ( )
Warden                        ( )
Bureau of Prisons             ( )
Ct Reporter                   ( )
Ctroom Deputy                 ( )
Orig-Security                 (X )
Federal Public Defender       ( )
Summons Issued                ( )  with N/C attached to complt. and served by:
                                   U.S. Marshal ( )   Pltf's Attorney ( )
Standard Order 93-5           ( )
Order to Show Cause           ( )  with Petition attached & mailed certified mail
                                   to: US Atty Gen ( )   PA Atty Gen ( )
                                       DA of County ( )  Respondents ( )

Bankruptcy Court              ( )
Other_____      ( )

                                          MARY E. D'ANDREA, Clerk

DATE: February 23rd, 2001                 BY: _____
                                                    Deputy Clerk